UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA ELECTRIC COMPANY,

        Plaintiff,

v.                      Case No. 8:17-cv-1705-T-33AAS

THE TRAVELERS INDEMNITY
COMPANY OF AMERICA and
PIPELINE DISTRIBUTION, INC.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Tampa Electric Company's Motion to Stay Consideration of or, in the alternative, Extend Plaintiff's Deadline to Respond to, Defendant Pipeline Distribution, Inc.'s Motion to Dismiss, which was filed on June 28, 2017. (Doc. # 12). For the reasons that follow, the Motion is granted to the extent that Plaintiff's deadline to respond to the Motion to Dismiss is extended until 14 days after the Court rules on the pending Motion to Remand.

**I.   Background**

On January 10, 2010, Tampa Electric Company contracted with Pipeline Distribution, Inc. to relocate underground gas lines. (Doc. # 1 at 3). Travelers provided Pipeline Distribution with insurance that covered Pipeline

Distribution's contract with TECO. (Doc. # 2 Ex. 1). Then, on June 12, 2016, TECO filed a complaint in state court against Pipeline Distribution and Travelers for breach of contract. (Doc. # 2).

On July 17, 2017, Pipeline Distribution filed a motion to dismiss the complaint. (Doc. # 3). Later that same day, Pipeline Distribution and Travelers removed the case to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1446(a). (Doc. # 1 at 1). TECO contests federal jurisdiction based on a lack of complete diversity and moved to remand the action to state court. (Doc. # 10 at 15). TECO now seeks an Order staying the Motion to Dismiss, or extending TECO's deadline to respond to the Motion to Dismiss, until the Motion to Remand has been decided. (Doc. # 12). In the Local Rule 3.01(g) certificate, TECO explains that the Motion is opposed. As explained below, the Court nevertheless grants the Motion in an effort to conserve the parties' and the Court's resources.

## II. Discussion

"The requirement that Jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't,

2

523 U.S. 83, 94 (1998)(quoting Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)). "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (quoting Ex Parte McCardle, 74 U.S. 506, 514 (1868)). Challenges to subject matter jurisdiction, premised upon diversity of citizenship, are measured by the state of things at the time the action is initially brought. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004)(quoting Mollan v. Torrance, 22 U.S. 537, 537 (1824)).

Here, the jurisdictional issue raised in the Motion to Remand must be squarely addressed before the Court may undertake any analysis of the Motion to Dismiss. The Court determines that it is appropriate to extend the deadline for TECO to respond to the Motion to Dismiss until 14 days after the Court has entered its ruling on the Motion to Remand.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Tampa Electric Company's Motion to Stay Consideration of or, in the alternative, Extend Plaintiff's Deadline to Respond to, Defendant Pipeline Distribution,

Inc.'s Motion to Dismiss (Doc. # 12) is **GRANTED** to the extent that the deadline for TECO to respond to the Motion to Dismiss is extended until 14 days after the Court has entered its ruling on the Motion to Remand.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of August, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE